IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUIS VASQUEZ,

                                                                              ORDER

                Plaintiff,

                                                  06-cv-00743-bbc

       v.

STEVEN SCHUELER, Security Supervisor, Capt.;
CURT JANSSEN, Security Supervisor, Capt.;
CAPT. GEMPELER, Security Supervisor;
OFFICER WAYNE BAUER, Lieutenant;
GARY ANKARLO, Ph.D., PSUS;
SGT. JORDAN PREIST; SGT. JEFF MEYER;
SGT. ROBERT GUTJAHR; SGT. EMIL TONY;
SGT. BEN HILBERT; OFFICER PLYER KMIECIK;
OFFICER JOHN NICKEL; MARY ANN GORSKE;
TIMOTHY PRICE; JOSHUA FLETCHER; SCOTT
ROSS; JASON ROSENTHAL; CO KEYS; CO PONTOW;
BRETT MIERZEWJESKI and JEFF ROLINS,

                                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This prisoner civil rights case is before the court on defendant Gary Ankarlo's motion for summary judgment on plaintiff Luis Vasquez's claim that Ankarlo, a prison psychiatrist, refused to provide plaintiff with mental health treatment for distress he was experiencing as a result of uses of force and body cavity searches conducted by correctional officers.

1

Defendant Ankarlo contends that plaintiff failed to exhaust his administrative remedies for this claim, as required by 42 U.S.C. § 1997e(a). Defendant has the burden to prove that plaintiff failed to comply with the exhaustion requirement. Jones v. Bock, – U.S. – , 127 S. Ct. 910 (2007).

The evidence submitted by the parties shows that plaintiff submitted two grievances related to a failure to treat mental health problems arising from the uses of force and body cavity searches. Aff. of Vasquez, dkt. #37. (Plaintiff filed a number of other grievances about lack of mental health treatment, but each of these was rejected for procedural reasons and none addressed treatment needs arising out of the searches and uses of force. Aff. of Gozinske., dkt. #33. Plaintiff does not argue that these other grievances satisfy § 1997e(a).) Of the two relevant grievances, plaintiff filed one on December 17, 2006 and the other on January 10, 2007. Plaintiff failed to complete the administrative process for either of these grievances before December 20, 2006, the date he filed this case.

The court of appeals has stated without qualification that exhaustion must be complete *before* filing the lawsuit. Perez v. Wisconsin Dept. of Wisconsin,182 F.3d 532, 535 (7th Cir. 1999) ("a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed"); see also Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003); Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001). A district court is required to "dismis[s] a suit that begins too soon, even if the plaintiff exhausts his administrative

2

remedies while the litigation is pending." Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004).  Thus, in Ford, the court held that it was proper to dismiss a case for failure to exhaust when the prisoner filed his lawsuit *two days* before he received the decision on his final administrative appeal.

Plaintiff complains that defendants have not yet responded to his January 2007 grievance, but even if this is true, it does not help him.  That grievance is not relevant to this case because he filed it after filing this lawsuit.  Accordingly, I must grant defendant Ankarlo's motion for summary judgment.

ORDER

IT IS ORDERED that defendant Gary Ankarlo's motion for summary judgment, dkt. #31, is GRANTED.  Plaintiff Luiz Vasquez's complaint is DISMISSED without prejudice as to his claim against defendant Ankarlo for plaintiff's failure to exhaust his administrative remedies.

Entered this 22nd day of May, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3