IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUIS VASQUEZ,

                                         OPINION AND ORDER

                 Plaintiff,

                                         06-cv-743-bbc

    v.

DEBRA GEMPELER, WAYNE BAUER,
JEFF MEYER; SCOTT ROSS,
JASON ROSENTHAL, JOSEPH KEYS,
BILLY PONTOW, BRETT MIERZEWJESKI
and JEFFREY ROLLINS,[1]

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this prisoner civil rights case, plaintiff Luis Vasquez is proceeding on two claims arising out of a strip search that occurred on November 3, 2006: (1) during the search, defendants manipulated plaintiff's genitals and buttocks without giving him an opportunity to do these things himself; (2) defendants used excessive force and retaliated against plaintiff by shocking him with a taser gun. Defendants' motion for summary judgment is ripe for

---

[1] In his complaint, plaintiff identified some defendants by last names and titles only or misspelled their names. I have amended the caption to include the defendants' full names as identified in their summary judgment materials.

1

review. (In his summary judgment materials, plaintiff raises other issues that are outside the scope of this lawsuit, such as alleged acts of excessive force other than defendants' use of the taser gun. I have disregarded any allegations that do not relate to the claims on which plaintiff was allowed to proceed.)

With respect to the strip search, the sole issue is whether defendants violated plaintiff's rights in the manner in which they conducted the search. I did not allow plaintiff to proceed on a claim that the strip search itself was unconstitutional. Under Wisconsin regulations, prisoners are strip-searched as a matter of course any time they are moved in or out of segregation, Wis. Admin. Code § DOC 306.17(2)(c), which was the reason for plaintiff's strip search. Because the purpose of such searches is to detect contraband, they are legal under circuit precedent, even if defendants did not have any particularized suspicion that plaintiff had unauthorized items. Peckham v. Wisconsin Dept. of Corrections, 141 F.3d 694, 695 (7th Cir. 1998) (upholding various routine strip searches of prisoners, including those that occur "whenever prison officials undertake a general search of a cell block").

However, I concluded in the screening order that cases such as Bell v. Wolfish, 441 U.S. 520 (1979), supported a view that touching a prisoner's genitals is not necessarily permissible simply because a strip search is. Because the privacy invasion is greater when a manual search is involved rather than a solely visual inspection, prison officials must show

2

that they had a legitimate security reason for not giving the prisoner an opportunity to comply with a visual inspection first.

Defendants do not deny that in the context of performing a strip search on plaintiff, they lifted his genitals and spread his buttocks without giving him the opportunity to do these things himself. The question is whether they had a legitimate security reason for making this decision. I conclude that they did. Plaintiff was being moved to segregation as a result of striking a correctional officer. Under such circumstances, it would be reasonable to require that the prisoner be restrained during the search as plaintiff was in this case. Of course, if the prisoner is restrained, he cannot aid the officers in conducting the search. Cf. Ghashiyah v. Frank, No. 07-cv-308-bbc (W.D. Wis. June 12, 2008) (prisoner's initial resistance to search required staff to handcuff him during search, making visual inspection impossible); Cherry v. Belz, 03-C-129-C, 2003 WL 23205817, *11 (W.D. Wis. Dec.3, 2003) (same).

Although plaintiff says in his affidavit that his "actions were in response to [the officer's] physical and aggressive approach or confrontation and provocative conduct," dkt. #62, at 1, he does not deny striking the officer. It wouldn't matter even if he did deny it because none of the defendants was present during the altercation and they relied on the other officer's report. Accordingly, I conclude that defendants had adequate grounds for conducting a manual inspection and plaintiff's claim regarding the strip search must be

3

dismissed.

I cannot come to the same conclusion regarding the use of the taser during the search. It is undisputed that plaintiff's hands *and* feet were restrained at the time defendants used the taser on him. None of the cases on which defendants rely (which are simply a regurgitation of the authorities cited in the screening order) involved a prisoner who was restrained as plaintiff was. Caldwell v. Moore, 968 F.2d 595, 597 (6th Cir.1992) Michenfelder v. Sumner, 860 F.2d 328, 335 (9th Cir. 1988); Manier v. Cook, 394 F. Supp. 2d 1282 (E.D. Wash. 2005); Birdine v. Gray, 375 F. Supp. 2d 874 (D. Neb. 2005).

As the court held in Michenfelder, 860 F.2d at 335, "the legitimate intended result of a shooting [of a taser gun] is incapacitation of a dangerous person." Although defendants propose as a fact that plaintiff "became combative and resistant" during the search, dfts.' PFOF, dkt. #48, ¶47, they fail to explain how a fully restrained prisoner posed a danger requiring the use of a powerful electric shock. Also, defendants admit that plaintiff stopped struggling after they shocked him twice, but plaintiff avers that defendants used the taser on him at least three times. Plt.'s Aff., dkt. # 62 at 4, ¶2. From these facts, a jury could find that defendants used force not "in a good faith effort to maintain or restore discipline," but "maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 321 (1986) (setting forth standard for excessive force claims in prison context). Plaintiff cites numerous cases in his brief in which courts have denied summary judgment

4

in other cases involving the use of taser guns or other force against restrained prisoners. E.g., Brown v. Howard, No. 01 C 50363, 2004 WL 2075122, *3 (N.D. Ill. Aug. 3, 2004); Shelton v. Angelone, 183 F. Supp. 2d 830, 835 (W.D. Va.2002); Ruble v. King, 911 F. Supp. 1544, 1555 (N.D. Ga.1995).

Further, if plaintiff's version of events is true and defendants are unable to explain at trial the security need for using the taser, they would not be entitled to the defense of qualified immunity. The standard for excessive force has been clearly established for many years. Because that standard hinges mostly on a defendant's intent, once a jury concludes that a plaintiff has met that standard, it follows that a prison official cannot then claim that he reasonably believed his actions were lawful. Hudson v. McMillian, 503 U.S. 1, 9 (1992) ("When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated."); Hill v. Shelander, 992 F.2d 714, 718 (7th Cir. 1993) ("[I]f the finder of fact were to decide that [defendant] acted with malicious intent, there could be no question that a reasonable prison sergeant should reasonably have known that the conduct described by [plaintiff] violated the eighth amendment.") Because defendants do not raise any issues regarding personal involvement in their motion for summary judgment, this claim must proceed to trial against all defendants.

Plaintiff challenges the use of the taser gun under a second theory, which is that defendants shocked him in retaliation for exercising his right of access to the courts. This

claim must be dismissed because plaintiff has adduced no admissible evidence to support it. Plaintiff's affidavits address the reasonableness of the strip search and the use of the taser, but they say nothing about his retaliation claim. It is plaintiff's burden to prove that defendants acted with an unconstitutional motive; it is not defendants' burden to disprove it. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Further, plaintiff may not rely on allegations in his brief or his complaint. Rather, all statements must be sworn under penalty of perjury and made on personal knowledge. Collins v. Seeman, 462 F.3d 757, 760 n.1 (7th Cir. 2006); Fed. R. Civ. P. 56. Because plaintiff adduced no admissible evidence identifying any constitutionally protected activity, I must grant defendants' motion for summary judgment with respect to this claim.

## ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Debra Gempeler, Wayne Bauer, Jeff Meyer, Scott Ross, Jason Rasenthal, Joseph Keys, Billy Pontow, Brett Mierzewjeski and Jeffrey Rollins is DENIED with respect to plaintiff Luis Vasquez's claims that defendants used excessive force against him by shocking him with a

taser gun.  The motion is GRANTED in all other respects.

Entered this 29th day of July, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

7