IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

LUIS VASQUEZ,

                             Plaintiff,

     v.

DEBRA GEMPELER, WAYNE BAUER,
JEFF MEYER; SCOTT ROSS,
JASON ROSENTHAL, JOSEPH KEYS,
BILLY PONTOW, BRETT MIERZEWJESKI
and JEFFREY ROLLINS,

                             Defendants.

ORDER

06-cv-743-bbc

---

     Plaintiff Luis Vasquez is proceeding in this prisoner civil rights case on his claim that defendants violated his rights under the Eighth Amendment in November 2006 by using a taser gun on him multiple times while he was fully restrained. Trial is scheduled for November 3, 2008. Plaintiff has filed requests for subpoenas (for two unincarcerated witnesses) and writs of habeas corpus ad testificandum (for two incarcerated witnesses).

     With respect to the incarcerated witnesses, plaintiff says that Chadrick Thompson, #282622, will testify that on September 30, 2008, he witnessed plaintiff's "permanent burn scars" on his back and his "bodily-muscle spasm function." In addition, he says that Jason Jones #201943, will testify that he was in a cell near the taser incident, that he overheard plaintiff "screaming" while he was being tased and that he heard several of the defendants "bragging" about using the taser gun on plaintiff.

Plaintiff has not shown that either witness will provide admissible evidence that is helpful to the jury. First, he does not suggest that Thompson has any expertise in identifying a muscle spasm or determining its possible causes (and even if he did, plaintiff never named him as an expert). If Thompson had viewed plaintiff's alleged burn marks near the time of the incident, his testimony might be useful to proving the extent of plaintiff's injury at that time. But plaintiff says that Thompson did not view his injuries until September 30, so he has witnessed nothing that plaintiff cannot show the jury himself.

With respect to Jones, defendants admit that they used a taser gun on plaintiff multiple times, so Jones's testimony that he heard plaintiff screaming would add little to the case. Comments that defendants made during or after the incident could be relevant to showing their state of mind, but plaintiff discusses the comments at such a high level of generality that it is impossible to determine any potential relevance they might have. Plaintiff's description of the comments as "bragging" is simply a conclusion that he has made. He will have to identify the alleged comments more specifically to justify a writ requiring state officials to bring another prisoner to the courthouse.

Plaintiff's request for the subpoenas suffers from problems as well. He wishes to compel the appearance of Wayne Bauer, who is a defendant in this case, and Ralph Froelich, who plaintiff says has provided him with mental health care. Although defendant Bauer's testimony is obviously relevant to plaintiff's claim, plaintiff has made no showing that he needs a subpoena to insure Bauer's presence at trial. This court instructed plaintiff in the

trial preparation order dated September 5, 2008, dkt. #77, to first ask defense counsel whether a particular defendant would appear at trial without a subpoena. There is no indication in plaintiff's motion that defendant Bauer has refused to appear on his own accord.

As with the incarcerated witnesses, plaintiff has made no showing that Froelich could provide relevant testimony. He says only that he wishes Froelich to "give testimony about facts and physical evidence from his own personal knowledge that is relevant to this lawsuit." Again, this representation is so vague that it is impossible for the court to determine whether Froelich actually has relevant information. Until plaintiff identifies more specifically what he believes this witness can testify to, I cannot grant his request for a trial subpoena.

ORDER

IT IS ORDERED that plaintiff Luis Vasquez's requests for trial subpoenas and writs of habeas corpus ad testificandum are DENIED. Petitioner may have until October 15, 2008, to file new requests that correct the problems identified in this order.

Entered this 7th day of October, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge