IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUIS VASQUEZ,

                                        OPINION and ORDER

              Plaintiff,

                                        06-cv-743-bbc

      v.

DEBRA GEMPELER, WAYNE BAUER,
JEFF MEYER; SCOTT ROSS,
JASON ROSENTHAL, JOSEPH KEYS,
BILLY PONTOW, BRETT MIERZEWJESKI
and JEFFREY ROLLINS,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A jury found in favor of defendants on plaintiff's claim that defendants used excessive force against plaintiff. Dkt. #114. In particular, the jury answered "no" to the question, "Did defendant Wayne Bauer's use of the Ultran II device constitute excessive force applied intentionally for the purpose of harming plaintiff Luis Vasquez, and not in a good faith effort to maintain or restore security or discipline on November 3, 2006?" On December 31, 2008, I entered judgment dismissing this case against all defendants.

Now before the court is plaintiff's motion for a new trial under Fed. R. Civ. P. 59(a). He argues that the jury's verdict is against the "manifest weight of the evidence"; that he has newly

1

discovered evidence; that I was biased when I did not allow certain exhibits to go to the jury; that I improperly instructed the jury on excessive force; and that defendants' attorney discriminated against him by striking the only black juror from the jury panel. For the reasons discussed below, I will deny plaintiff's motion for a new trial.

OPINION

A court may grant a new trial if the verdict is against the clear weight of the evidence or the trial was unfair to the moving party. David v. Caterpillar, 324 F.3d 851, 863 (7th Cir. 2003). Also, a new trial may be granted as a result of an erroneous evidentiary ruling that had substantial and injurious effect or influence in determining the jury's verdict. Young v. James Green Management, Inc., 327 F.3d 616, 623 (7th Cir. 2003).

First, in arguing that the jury's verdict was against the weight of the evidence, plaintiff simply argues that the jury erred in believing the testimony of defendants Wayne Bauer and Debra Gempeler about the injuries caused to him by the Ultran II, the amount of his resistance and his threat to their safety. In an order denying plaintiff's motion for a new trial in another case he filed, Vasquez v. Hilbert, 07-cv-723-slc, Magistrate Judge Crocker explained why challenges to witness credibility generally are unsuccessful in the context of a Rule 59 motion:

> "Credibility determinations . . . lie exclusively within the fact-finder's domain." Townsend v. Fuchs, 522 F.3d 765, 774-75 (7th Cir. 2008). I cannot grant plaintiff a new trial simply because the jury believed defendants instead of him. Plaintiff's repeated assertions that defendants lied on the stand adds nothing. In any

2

> case involving contradictory stories, both sides believe the other side is failing to provide an accurate account; that is why we have juries to determine which party is more credible.

Second, plaintiff argues that he is entitled to a new trial because of newly discovered evidence, namely that the Ultran II is a "stun gun" as well as a "taser gun; that the "stun gun" would have incapacitated him: that other inmates had been injured by the use of the Ultran II; and that witness Jason Jones had an ulterior motive for his testimony. To prevail on this argument, plaintiff must show that the evidence was discovered post-trial; he had exercised due diligence to discover the new evidence; the evidence is not merely cumulative or impeaching; the evidence is material and the evidence is such that a new trial would probably produce a different result. Environmental Barrier Co. v. Slurry Systems, Inc., 540 F.3d 598, 608 (7th Cir. 2008). It is unlikely that any of the evidence plaintiff lists would have changed the outcome of the trial. In any event, as defendants argue, plaintiff has failed to show that if he had exercised reasonable diligence, he could not have discovered and produced evidence concerning the definition, power or use of the Ultran II at trial.

Regarding his new evidence about Jason Jones, plaintiff argues that he has recently discovered that Jones, who was plaintiff's witness, had an ulterior motive for his testimony at trial. At trial, Jones testified that he was not going to lie on the witness stand as plaintiff had asked him to do. Plaintiff now argues that Jones testified falsely at trial because of some special accommodations and privileges that he was being given by Captain Bruce Muraski. Even if I assume that such evidence could have made a difference at trial, plaintiff has not submitted any

3

admissible evidence showing that Jones received special treatment as a result of his testimony.

Third, plaintiff argues that I erred at trial by not properly instructing the jury on excessive force and not allowing certain exhibits to go to the jury during their deliberation. Plaintiff has not shown that my instruction on excessive force was inconsistent with the law and he did not object to the instruction at trial. Plaintiff argues that I should have permitted the jury to have Exhibit 1, the Department of Corrections Work Rules, and Exhibits 3, 4 and 5, psychiatric reports, during deliberation. These exhibits were not material to the issue before the jury, which was whether defendants used excessive force.

Finally, plaintiff claims that defendant's attorney discriminated against him by striking the only black juror from the panel. Because plaintiff did not object at trial, he has waived this challenge. To attack an allegedly race-based peremptory challenge, a party must make a prima facie showing that the other party exercised a peremptory challenge on the basis of race. When that showing has been made, the other side must offer a race-neutral reason for striking the juror and the trial judge must determine whether the party attacking the peremptory challenge has shown purposeful discrimination. Snyder v. Louisiana, 128 S.Ct. 1203 (2008)(citing Batson v. Kentucky, 476 U.S. 79 (1986). If the party objects to a particular peremptory challenge by his opponent but never makes his objection known to the trial court, the three-step Batson process never comes into play.

ORDER

IT IS ORDERED that plaintiff Luis Vasquez's motion for a new trial, dkt. #117, is DENIED.

Entered this 24th day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge